# EXHIBIT A

## WRIT OF SUMMONS
(248)

Case No: **486834-V**

TO:
**STILLMAN LAW OFFICE LLC**
**110 WEST RD STE #217**
**TOWSON MD 21204**

(Service Address)
**INCORP. SERVICES, INC.**
**1519 YORK ROAD**
**LUTHERVILLE, MD 21093**

You are hereby summoned to file a <u>written</u> response by pleading or motion in this court to the attached complaint filed by:

**DAVID EDGE SR**

within **30** days after service of this summons upon you.

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to respond within the time allowed may result in a default judgment or the granting of the relief sought against you.
2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.
3. If you have questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at www.barmont.org or by calling (301) 279-9100.

Date Issued: **09/02/2021**



*Karen A. Bushell*
Karen A. Bushell
CLERK of the Circuit Court
Montgomery County, Maryland
50 Maryland Avenue
Rockville, MD 20850-2393

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, the date, and the particular place and manner of service. If service is not made, please state the reason(s).
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

### RETURN

[ ] Served _____ on _____ at _____
           (Whom)                      (Date)         (City/State/Country)
[ ] Summons and [ ] Show Cause Order and [ ] Complaint/Petition/Motion Served

[ ] Unserved _____ _____
               (Date)         (Reason)

_____ [ ] Sheriff
  (Signature)

# IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

## WRIT OF SUMMONS
(248)

### Case No: **486834-V**

TO:
**STILLMAN LAW OFFICE LLC**
**110 WEST RD STE #217**
**TOWSON MD 21204**

(Service Address)
**INCORP. SERVICES, INC.**
**1519 YORK ROAD**
**LUTHERVILLE, MD 21093**

You are hereby summoned to file a <u>written</u> response by pleading or motion in this court to the attached complaint filed by:

**DAVID EDGE SR**

within **30** days after service of this summons upon you.

Witness, the Honorable Chief Judge of the Sixth Judicial Circuit of Maryland.

TO THE PERSON SUMMONED:

1. Failure to respond within the time allowed may result in a default judgment or the granting of the relief sought against you.
2. If you have been served with a Scheduling Order, your appearance is required pursuant to the Scheduling Order, regardless of the date your response is due.
3. If you have questions, you should see an attorney immediately. If you need help finding an attorney, you may contact the Bar Association of Montgomery County's Lawyer Referral Service online at www.barmont.org or by calling (301) 279-9100.

Date Issued: **09/02/2021**



*Karen A. Bushell*
Karen A. Bushell
CLERK of the Circuit Court
Montgomery County, Maryland
50 Maryland Avenue
Rockville, MD 20850-2393

NOTE:

1. This summons is effective for service only if served within 60 days after the date it is issued.
2. Proof of service shall set out the name of the person served, the date, and the particular place and manner of service. If service is not made, please state the reason(s).
3. Return of served or unserved process shall be made promptly and in accordance with Rule 2-126.
4. If this summons is served by private process, process server shall file a separate affidavit as required by Rule 2-126(a).

## RETURN

[ ] Served _____ on _____ at _____
            (Whom)                      (Date)         (City/State/Country)

[ ] Summons and [ ] Show Cause Order and [ ] Complaint/Petition/Motion Served

[ ] Unserved _____ _____
            (Date)        (Reason)

_____ [ ] Sheriff
   (Signature)

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND**

                            :

**DAVID EDGE SR, ET AL**          :

      Plaintiff                  :

v.                           : CASE NO. **486834-V**

**EQUABLE ASCENT FINANCIAL LLC, ET AL:**

      Defendant             :

## BUSINESS AND TECHNOLOGY CASE TRACK ASSIGNMENT
### (1242)

      The request for the above captioned case having been considered, it is this ___31st___ day of ___August___, ___2021___,

      **ORDERED** that the Request for Assignment to the Business and Technology Case Management Program is hereby **GRANTED** and is assigned to

        ____ **Expedited Track 5**

        ✓ **Standard Track 6**

**Or**

      **ORDERED** that the Request for Assignment to the Business and Technology Case Management Program is hereby **DENIED** and the case shall be assigned to the regular Civil Differentiated Case Management Track in accordance with those guidelines.

**Or**

      **ORDERED** that the Request for Assignment to the Business and Technology Case Management Program is hereby **DENIED** for failure to comply with the deficiency notice issued by the Court on _____. This case shall be assigned to the regular Civil Differentiated Case Management Track in accordance with those guidelines.

**ENTERED**

SEP 0 2 2021

Clerk of the Circuit Court
Montgomery County, Md.

Judge

**JAMES A. BONIFANT**
ADMINISTRATIVE JUDGE

BTTA   08/20/2021 13:55:43

IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, MARYLAND

DAVID EDGE SR, ET AL  :
       Plaintiff  :
       :
v.  : Civil No. 486834-V
       :
EQUABLE ASCENT FINANCIAL LLC, ET AL  :
       Defendant  :

## NOTICE OF SCHEDULING HEARING AND ORDER OF COURT - TRACK 6

It is by the Circuit Court for Montgomery County, Maryland, hereby ORDERED as follows:

1) Effective this date, this case is assigned to the individual judge designated below. __ALL FUTURE FILINGS IN THIS CASE SHALL BEAR THE CASE NUMBER AND THE JUDGE'S NAME BENEATH THE CASE NUMBER.__ On filing <u>any</u> motion or paper related thereto with the Clerk's Office, a courtesy copy shall be delivered to the assigned judge's chambers by the party filing the pleading.

   **MOTIONS FILED IN A TRACK 6 ACTION SHALL NOT EXCEED 25 PAGES INCLUDING ANY MEMORANDUM OF LAW AND OPPOSITION/REPLY MOTIONS SHALL NOT EXCEED 15 PAGES WITHOUT LEAVE OF COURT**

2) Within sixty-five (65) days of the filing of the Complaint, Plaintiff must file proof of service on each of the Defendants of the following: copies of the Summons, the Complaint, and this Notice of Scheduling Hearing and Order. As to any Defendant for whom such proof of service has not been filed, the Court will consider dismissing the Complaint without prejudice at the time of the Scheduling Hearing. As to any Defendant not served at the time of the initial Scheduling Hearing, the Court may sever the case against that party.

   a) As to any Defendant served with the Summons and Complaint, within thirty days of service, the Defendant must file the Defendant's Civil Information Form with the initial pleading and a copy mailed to Plaintiff.

3) Within the time permitted under <u>Maryland Rules</u>, each Defendant must respond to the Complaint by filing an Answer or other responsive pleading. These pleadings must be filed in accordance with Rule 2-321. If no timely response has been filed, the Court may enter an Order of Default pursuant to Rule 2-613 at the time of the initial Scheduling Hearing.

4) Ten days before the initial Scheduling Hearing, each party must file at Court and provide the other party and the assigned judge a Scheduling Hearing Statement setting forth the following information:

   a) for the Plaintiff, a brief statement of the nature of the controversy and the claims being made by the Plaintiffs;

   b) for the Defendant, a concise statement of the Defendant's defenses;

```
STILLMAN LAW OFFICE LLC
110 WEST RD STE #217
TOWSON MD 21204
```

DCMV4086 09/02/2021 11:31:55

c)  an itemization of damages or other relief sought for the Plaintiff and an itemization of matters in mitigation of damages or in opposition to the relief sought by the Defendant;

d)  the maximum offer or minimum demand now acceptable to your client;

e)  a concise statement of the number of witnesses and a designation of the number and identity of proposed expert witnesses;

f)  an estimation of the amount of time it will take to complete each party's portion of the trial.

5)  No later than 10 days before the initial Scheduling Hearing, the parties shall confer in person or by telephone and attempt to reach agreement, or narrow the areas of disagreement as to the preservation of electronic information, if any, and the necessity and manner of conducting discovery regarding electronic information, and the parties shall be prepared to address the following at the Scheduling Hearing:

a)  Identification and retention of discoverable electronic information and what, if any, initial discovery and any party requests in order to identify discoverable electronic information;

b)  Exchange of discoverable information in electronic format where appropriate, including:

   i)  The format of production, *i.e.*, PDF, TIFF or JPEG file or native formats such as Microsoft Word, Word Perfect, *etc.*, and the manner in which the information shall be exchanged such as CD-ROM disks or otherwise; and

   ii) Whether separate indices will be exchanged and whether the documents and information exchanged will be electronically numbered.

c)  Whether the parties agree as to the apportionment of costs for production of electronic information that is not maintained on a party's active computers, computer servers or databases;

d)  The manner of handling inadvertent production of privileged materials; and

e)  Whether the parties agree to refer electronic discovery disputes to a Special Magistrate for resolution.

The parties shall reduce all areas of agreement, including any agreements regarding inadvertent disclosure of privileged materials, to a stipulated order to be presented to the court at or before the Scheduling Hearing.

6)  At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an initial Scheduling Hearing to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings.  This Order is the only notice that parties and counsel will receive concerning this hearing.  Failure to appear may result in sanctions.

7) Upon advice that the date noted below is inconvenient for any counsel or unrepresented party, the assigned judge may postpone the Hearing once, with the consent of all parties, to his/her next succeeding hearing date. No other postponement of the Hearing will be granted except upon motion for good cause shown.

Failure to appear at the Scheduling Hearing may result in a dismissal and/or default judgment.

Case assigned to: Judge ANNE KORBEL ALBRIGHT

Scheduling Hearing Date: December  3, 2021

Time: 9:00 AM  Courtroom #: 5H

DATE: 09/02/2021

James A. Bonifant,
County Administrative Judge

Possession and use of cell phones, computers, other electronic devices, and cameras may be limited or prohibited in designated areas of the court facility. The use of any camera, cell phone, or any electronic device for taking, recording, or transmitting photographs, videos, or other visual images is prohibited in the court facility at all times, unless the court expressly grants permission in a specific instance.

IN THE CIRCUIT COURT FOR_____
<span>(City or County)</span>

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff*: This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant*: You must file an Information Report as required by Rule 2-323(h).
*THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

FORM FILED BY: ☐PLAINTIFF  ☐DEFENDANT    CASE NUMBER 486834 - V
<span>(Clerk to insert)</span>

CASE NAME:_____ vs. _____
<span>Plaintiff</span>                                  <span>Defendant</span>

PARTY'S NAME:_____      PHONE:_____

PARTY'S ADDRESS:_____

PARTY'S E-MAIL:_____

If represented by an attorney:

PARTY'S ATTORNEY'S NAME:_____      PHONE:_____

PARTY'S ATTORNEY'S ADDRESS:_____

PARTY'S ATTORNEY'S E-MAIL:_____

JURY DEMAND? ☐Yes ☐No

RELATED CASE PENDING? ☐Yes ☐No  If yes, Case #(s), if known:_____

ANTICIPATED LENGTH OF TRIAL?: ____hours ____days

### PLEADING TYPE

New Case:        ☐Original          ☐Administrative Appeal  ☐ Appeal
Existing Case: ☐Post-Judgment  ☐Amendment
*If filing in an existing case, skip Case Category/ Subcategory section - go to Relief section.*

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt:____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
 ☐ Commercial
 ☐ Residential
 ☐ Currency or Vehicle
 ☐ Deed of Trust
 ☐ Land Installments
 ☐ Lien
 ☐ Mortgage
 ☐ Right of Redemption
 ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☐ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

CC-DCM-002 (Rev. 04/2017)                Page 1 of 3

| IF NEW OR EXISTING CASE: RELIEF (Check All that Apply) |
|---|

| | | | |
|---|---|---|---|
| ☐ Abatement | ☐ Earnings Withholding | ☐ Judgment-Interest | ☐ Return of Property |
| ☐ Administrative Action | ☐ Enrollment | ☐ Judgment-Summary | ☐ Sale of Property |
| ☐ Appointment of Receiver | ☐ Expungement | ☐ Liability | ☐ Specific Performance |
| ☐ Arbitration | ☐ Findings of Fact | ☐ Oral Examination | ☐ Writ-Error Coram Nobis |
| ☐ Asset Determination | ☐ Foreclosure | ☐ Order | ☐ Writ-Execution |
| ☐ Attachment b/f Judgment | ☐ Injunction | ☐ Ownership of Property | ☐ Writ-Garnish Property |
| ☐ Cease & Desist Order | ☐ Judgment-Affidavit | ☐ Partition of Property | ☐ Writ-Garnish Wages |
| ☐ Condemn Bldg | ☐ Judgment-Attorney Fees | ☐ Peace Order | ☐ Writ-Habeas Corpus |
| ☐ Contempt | ☐ Judgment-Confessed | ☐ Possession | ☐ Writ-Mandamus |
| ☐ Court Costs/Fees | ☐ Judgment-Consent | ☐ Production of Records | ☐ Writ-Possession |
| ☐ Damages-Compensatory | ☐ Judgment-Declaratory | ☐ Quarantine/Isolation Order | |
| ☐ Damages-Punitive | ☐ Judgment-Default | ☐ Reinstatement of Employment | |

*If you indicated Liability above*, mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.  ☐ Liability is not conceded, but is not seriously in dispute. ☐ Liability is seriously in dispute.

| MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs) |
|---|

| | | | |
|---|---|---|---|
| ☐ Under $10,000 | ☐ $10,000 - $30,000 | ☐ $30,000 - $100,000 | ☐ Over $100,000 |
| ☐ Medical Bills $_____ | ☐ Wage Loss $_____ | ☐ Property Damages $_____ | |

| ALTERNATIVE DISPUTE RESOLUTION INFORMATION |
|---|

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

| | | | | | | |
|---|---|---|---|---|---|---|
| A. Mediation | ☐ Yes | ☐ No | | C. Settlement Conference | ☐ Yes | ☐ No |
| B. Arbitration | ☐ Yes | ☐ No | | D. Neutral Evaluation | ☐ Yes | ☐ No |

| SPECIAL REQUIREMENTS |
|---|

☐ If a Spoken Language Interpreter is needed, check here and attach form CC-DC-041

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, check here and attach form CC-DC-049

| ESTIMATED LENGTH OF TRIAL |
|---|

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*   **(Case will be tracked accordingly)**

| | |
|---|---|
| ☐ 1/2 day of trial or less | ☐ 3 days of trial time |
| ☐ 1 day of trial time | ☐ More than 3 days of trial time |
| ☐ 2 days of trial time | |

| BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM |
|---|

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

| | |
|---|---|
| ☐ Expedited- Trial within 7 months of Defendant's response | ☐ Standard - Trial within 18 months of Defendant's response |

| EMERGENCY RELIEF REQUESTED |
|---|

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response

☐ **Standard** - Trial within 18 months of Defendant's response

*IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.*

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | Expedited (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | Standard (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | Extended Standard (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | Complex (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

---

Date _____

Signature of Counsel / Party _____

Address _____

Printed Name _____

City _____ State _____ Zip Code _____

IN THE CIRCUIT COURT FOR <u>Montgomery County</u>

(City or County)

## CIVIL - NON-DOMESTIC CASE INFORMATION REPORT

### DIRECTIONS

*Plaintiff:* This Information Report must be completed and attached to the complaint filed with the Clerk of Court unless your case is exempted from the requirement by the Chief Judge of the Court of Appeals pursuant to Rule 2-111(a).

*Defendant:* You must file an Information Report as required by Rule 2-323(h).

*THIS INFORMATION REPORT CANNOT BE ACCEPTED AS A PLEADING*

FORM FILED BY: ☒PLAINTIFF  ☐DEFENDANT    CASE NUMBER V4P 12234
(Clerk to insert)

CASE NAME: David Edge, Sr. _____ vs. Equable Ascent Financial, LLC
Plaintiff                                 Defendant

PARTY'S NAME: David Edge, Sr. _____ PHONE: _____

PARTY'S ADDRESS: 14206 Duckett Road, Brandywine, MD 20613

PARTY'S E-MAIL: _____

**If represented by an attorney:**

PARTY'S ATTORNEY'S NAME: Benjamin H. Carney _____ PHONE: 410-825-2300

PARTY'S ATTORNEY'S ADDRESS: 100 W. Pennsylvania Ave. Suite 100, Towson, MD 21204

PARTY'S ATTORNEY'S E-MAIL: bcarney@GWCfirm.com

JURY DEMAND? ☒Yes  ☐No

RELATED CASE PENDING? ☐Yes ☒No  If yes, Case #(s), if known: _____

ANTICIPATED LENGTH OF TRIAL?: ____ hours  5 days

### PLEADING TYPE

New Case: ☒Original      ☐ Administrative Appeal  ☐ Appeal
Existing Case: ☐Post-Judgment  ☐ Amendment
*If filing in an existing case,* skip Case Category/ Subcategory section - go to Relief section.

### IF NEW CASE: CASE CATEGORY/SUBCATEGORY (Check one box.)

**TORTS**
☐ Asbestos
☐ Assault and Battery
☐ Business and Commercial
☐ Conspiracy
☐ Conversion
☐ Defamation
☐ False Arrest/Imprisonment
☐ Fraud
☐ Lead Paint - DOB of Youngest Plt: _____
☐ Loss of Consortium
☐ Malicious Prosecution
☐ Malpractice-Medical
☐ Malpractice-Professional
☐ Misrepresentation
☐ Motor Tort
☐ Negligence
☐ Nuisance
☐ Premises Liability
☐ Product Liability
☐ Specific Performance
☐ Toxic Tort
☐ Trespass
☐ Wrongful Death

**CONTRACT**
☐ Asbestos
☐ Breach
☐ Business and Commercial
☐ Confessed Judgment (Cont'd)
☐ Construction
☐ Debt
☐ Fraud

☐ Government
☐ Insurance
☐ Product Liability

**PROPERTY**
☐ Adverse Possession
☐ Breach of Lease
☐ Detinue
☐ Distress/Distrain
☐ Ejectment
☐ Forcible Entry/Detainer
☐ Foreclosure
  ☐ Commercial
  ☐ Residential
  ☐ Currency or Vehicle
  ☐ Deed of Trust
  ☐ Land Installments
  ☐ Lien
  ☐ Mortgage
  ☐ Right of Redemption
  ☐ Statement Condo
☐ Forfeiture of Property / Personal Item
☐ Fraudulent Conveyance
☐ Landlord-Tenant
☐ Lis Pendens
☐ Mechanic's Lien
☐ Ownership
☐ Partition/Sale in Lieu
☐ Quiet Title
☐ Rent Escrow
☐ Return of Seized Property
☐ Right of Redemption
☐ Tenant Holding Over

**PUBLIC LAW**
☐ Attorney Grievance
☐ Bond Forfeiture Remission
☐ Civil Rights
☐ County/Mncpl Code/Ord
☐ Election Law
☐ Eminent Domain/Condemn.
☐ Environment
☐ Error Coram Nobis
☐ Habeas Corpus
☐ Mandamus
☐ Prisoner Rights
☐ Public Info. Act Records
☐ Quarantine/Isolation
☐ Writ of Certiorari

**EMPLOYMENT**
☐ ADA
☐ Conspiracy
☐ EEO/HR
☐ FLSA
☐ FMLA
☐ Workers' Compensation
☐ Wrongful Termination

**INDEPENDENT PROCEEDINGS**
☐ Assumption of Jurisdiction
☐ Authorized Sale
☐ Attorney Appointment
☐ Body Attachment Issuance
☐ Commission Issuance

☐ Constructive Trust
☐ Contempt
☐ Deposition Notice
☐ Dist Ct Mtn Appeal
☐ Financial
☐ Grand Jury/Petit Jury
☐ Miscellaneous
☐ Perpetuate Testimony/Evidence
☐ Prod. of Documents Req.
☐ Receivership
☐ Sentence Transfer
☐ Set Aside Deed
☐ Special Adm. - Atty
☐ Subpoena Issue/Quash
☐ Trust Established
☐ Trustee Substitution/Removal
☐ Witness Appearance-Compel

**PEACE ORDER**
☐ Peace Order

**EQUITY**
☒ Declaratory Judgment
☐ Equitable Relief
☐ Injunctive Relief
☐ Mandamus

**OTHER**
☐ Accounting
☐ Friendly Suit
☐ Grantor in Possession
☐ Maryland Insurance Administration
☐ Miscellaneous
☐ Specific Transaction
☐ Structured Settlements

RECEIVED

CC-DCM-002 (Rev. 07/2021)       Page 1 of 3

Clerk of the Circuit Court
Montgomery County, Md.

## IF NEW OR EXISTING CASE: RELIEF (Check All that Apply)

- ☐ Abatement
- ☐ Administrative Action
- ☐ Appointment of Receiver
- ☐ Arbitration
- ☐ Asset Determination
- ☐ Attachment b/f Judgment
- ☐ Cease & Desist Order
- ☐ Condemn Bldg
- ☐ Contempt
- ☒ Court Costs/Fees
- ☒ Damages-Compensatory
- ☒ Damages-Punitive

- ☐ Earnings Withholding
- ☐ Enrollment
- ☐ Expungement
- ☒ Findings of Fact
- ☐ Foreclosure
- ☐ Injunction
- ☐ Judgment-Affidavit
- ☒ Judgment-Attorney Fees
- ☐ Judgment-Confessed
- ☐ Judgment-Consent
- ☒ Judgment-Declaratory
- ☐ Judgment-Default

- ☒ Judgment-Interest
- ☒ Judgment-Summary
- ☐ Liability
- ☐ Oral Examination
- ☐ Order
- ☐ Ownership of Property
- ☐ Partition of Property
- ☐ Peace Order
- ☐ Possession
- ☐ Production of Records
- ☐ Quarantine/Isolation Order
- ☐ Reinstatement of Employment

- ☐ Return of Property
- ☐ Sale of Property
- ☐ Specific Performance
- ☐ Writ-Error Coram Nobis
- ☐ Writ-Execution
- ☐ Writ-Garnish Property
- ☐ Writ-Garnish Wages
- ☐ Writ-Habeas Corpus
- ☐ Writ-Mandamus
- ☐ Writ-Possession

*If you indicated Liability above,* mark one of the following. This information is not an admission and may not be used for any purpose other than Track Assignment.

☐ Liability is conceded.   ☐ Liability is not conceded, but is not seriously in dispute. ☒ Liability is seriously in dispute.

## MONETARY DAMAGES (Do not include Attorney's Fees, Interest, or Court Costs)

☐ Under $10,000    ☐ $10,000 - $30,000    ☐ $30,000 - $100,000    ☒ Over $100,000

☐ Medical Bills $_____    ☐ Wage Loss $_____    ☐ Property Damages $_____

## ALTERNATIVE DISPUTE RESOLUTION INFORMATION

Is this case appropriate for referral to an ADR process under Md. Rule 17-101? (Check all that apply)

A. Mediation    ☐ Yes  ☒ No          C. Settlement Conference   ☐ Yes   ☒ No
B. Arbitration  ☐ Yes  ☒ No          D. Neutral Evaluation        ☐ Yes   ☒ No

## SPECIAL REQUIREMENTS

☐ If a Spoken Language Interpreter is needed, **check here and attach form CC-DC-041**

☐ If you require an accommodation for a disability under the Americans with Disabilities Act, **check here and attach form CC-DC-049**

## ESTIMATED LENGTH OF TRIAL

*With the exception of Baltimore County and Baltimore City, please fill in the estimated LENGTH OF TRIAL.*   **(Case will be tracked accordingly)**

- ☐ 1/2 day of trial or less
- ☐ 1 day of trial time
- ☐ 2 days of trial time
- ☐ 3 days of trial time
- ☒ More than 3 days of trial time

## BUSINESS AND TECHNOLOGY CASE MANAGEMENT PROGRAM

*For all jurisdictions, if Business and Technology track designation under Md. Rule 16-308 is requested, attach a duplicate copy of complaint and check one of the tracks below.*

☐ **Expedited**- Trial within 7 months of Defendant's response        ☒ **Standard** - Trial within 18 months of Defendant's response

EMERGENCY RELIEF REQUESTED

## COMPLEX SCIENCE AND/OR TECHNOLOGICAL CASE MANAGEMENT PROGRAM (ASTAR)

*FOR PURPOSES OF POSSIBLE SPECIAL ASSIGNMENT TO ASTAR RESOURCES JUDGES under Md. Rule 16-302, attach a duplicate copy of complaint and check whether assignment to an ASTAR is requested.*

☐ **Expedited** - Trial within 7 months of Defendant's response       ☐ **Standard** - Trial within 18 months of Defendant's response

***IF YOU ARE FILING YOUR COMPLAINT IN BALTIMORE CITY, OR BALTIMORE COUNTY, PLEASE FILL OUT THE APPROPRIATE BOX BELOW.***

### CIRCUIT COURT FOR BALTIMORE CITY (CHECK ONLY ONE)

| | | |
|---|---|---|
| ☐ | Expedited | Trial 60 to 120 days from notice. Non-jury matters. |
| ☐ | Civil-Short | Trial 210 days from first answer. |
| ☐ | Civil-Standard | Trial 360 days from first answer. |
| ☐ | Custom | Scheduling order entered by individual judge. |
| ☐ | Asbestos | Special scheduling order. |
| ☐ | Lead Paint | Fill in: Birth Date of youngest plaintiff_____. |
| ☐ | Tax Sale Foreclosures | Special scheduling order. |
| ☐ | Mortgage Foreclosures | No scheduling order. |

### CIRCUIT COURT FOR BALTIMORE COUNTY

| | | |
|---|---|---|
| ☐ | **Expedited** (Trial Date-90 days) | Attachment Before Judgment, Declaratory Judgment (Simple), Administrative Appeals, District Court Appeals and Jury Trial Prayers, Guardianship, Injunction, Mandamus. |
| ☐ | **Standard** (Trial Date-240 days) | Condemnation, Confessed Judgments (Vacated), Contract, Employment Related Cases, Fraud and Misrepresentation, International Tort, Motor Tort, Other Personal Injury, Workers' Compensation Cases. |
| ☐ | **Extended Standard** (Trial Date-345 days) | Asbestos, Lender Liability, Professional Malpractice, Serious Motor Tort or Personal Injury Cases (medical expenses and wage loss of $100,000, expert and out-of-state witnesses (parties), and trial of five or more days), State Insolvency. |
| ☐ | **Complex** (Trial Date-450 days) | Class Actions, Designated Toxic Tort, Major Construction Contracts, Major Product Liabilities, Other Complex Cases. |

_____
August 17, 2021
Date

100 W. Pennsylvania Ave., Ste. 100
Address

| | | |
|---|---|---|
| Towson | MD | 21204 |
| City | State | Zip Code |

/s/ Benjamin H. Carney       0412140132
Signature of Counsel / Party       Attorney Number

Benjamin H. Carney
Printed Name

## Rule 16-308(c) STATEMENT

This case is a consumer class action seeking relief from the unlicensed debt-buyer of credit accounts, Equable Ascent Financial, LLC, and the debt collectors working for it, in violation of Maryland statutes. As discussed below, it satisfies the Rule 16-308(c) factors for assignment to the Business and Technology Program (the "Program"):

**(1)     The nature of the relief sought.**

The Maryland Business and Technology Task Force Report (the "Report") recommended that eligibility for assignment to the Program be restricted to complaints "seeking compensatory damages totaling $50,000.00 or more, or . . . primarily injunctive or other equitable relief." Report, p.8 part VI.B.1.a. The present case meets this requirement. Although the exact size of the Class and exact amount of damages recoverable in this case are unknown, the Complaint seeks to recover damages on behalf of a Class of numerous Maryland consumers, where aggregated damages are expected to exceed $75,000. *See* Complaint *ad damnum* clause. In addition, the Complaint seeks equitable declaratory relief concerning the licensing obligations of the debt buyer, the effects of those obligations on the Defendant debt-buyer, and its and its debt collectors' rights to collect amounts from Class members. Accordingly, relief sought weighs in favor of B&T assignment.

**(2)     The number and diverse interests of the parties.**

With respect to this factor, the Report determined that the Program was appropriate for cases involving business entities, as well as individuals "if involved in a dispute appropriate for Program designation." Report p. 8 part VI.B.1. The Task Force Report further found that "commercial class actions" "should presumptively be assigned to the Program." *Id.* at pp. 8-9, part VI.B.1.b. (emphasis added). The present case meets this requirement, as it involves a business entity, arises from the entity's commercial activity, including the purchase of purported financial accounts, and is a commercial class action. This factor weighs in favor of B&T assignment.

**(3)     The anticipated nature and extent of pretrial discovery and motions.**

This case will require complex discovery and motions practice, including discovery, briefing, and decision on a motion for class certification prior to resolution of complicated merits issues. The complex nature of the class-action proceedings weighs in favor of Program assignment.

**(4)     Whether the parties agree to waive venue for the hearing of motions and other pretrial matters.**

Plaintiffs do not anticipate that this will be an issue in this case.

**(5)     The degree of novelty and complexity of the factual and legal issues presented.**

This case presents complex legal issues. Among other things, this case involves alleged violations of Maryland's Unfair and Deceptive Trade Practices Act ("UDAP") (i.e., the Maryland Consumer Protection Act and related statutes), rendering it a case which should be "presumptively assigned to the Program." Report pp. 9 part VI.B.1.b(x). The complex nature of the case also supports Program assignment, as noted above.

**(6)     Whether business or technology issues predominate over other issues presented in the action.**

Business and technology issues predominate over other issues in this case. As discussed above, the Program is designed to accommodate commercial class actions, as well as cases asserting claims under the UDAP. As the issues in this case will focus on class certification issues as well as the UDAP, issues that the Program was designed to address are the focus of this case.

**(7)     The willingness of the parties to participate in ADR procedures.**

Plaintiffs are willing to explore participation in mediation.

DAVID EDGE, SR.                                *        IN THE CIRCUIT COURT FOR
14206 Duckett Road
Brandywine, MD 20613,                          *        MONTGOMERY COUNTY

and                                            *

ROBERT DIETRICH                                *
625 Hartwood Lane
Edgewood, MD 21040,                            *        Case No. VH86834

On behalf of themselves and all others         *
similarly situated,
                                               *
        Plaintiffs,
                                               *

v.                                             *

EQUABLE ASCENT FINANCIAL, LLC                  *
1120 West Lake Cook Road, Suite B
Buffalo Grove, IL 60089                        *
**Serve On:**
State Department of Assessments and            *
Taxation
Corporate Charter Division                     *
301 W. Preston St., Room 801
Baltimore, MD 21201,                           *

STILLMAN LAW OFFICE, LLC                       *
110 West Road, Suite 217
Towson Md 21204                                 *
**Serve On:**
INCORP SERVICES, INC.                          *
1519 YORK ROAD
LUTHERVILLE MD 21093,                          *

STILLMAN, P.C., d/b/a STILLMAN LAW             *
OFFICE
30057 Orchard Lake Road, Suite 200             *
Farmington Hills, MI 48334
**Serve On:**                                  *
CORPORATE CREATIONS NETWORK,
INC.                                           *
2 WISCONSIN CIRCLE, #700

RECEIVED

AUG 18 2021

Clerk of the Circuit Court
Montgomery County, Md.

1

CHEVY CHASE, MD 20815                    *

And                                      *

STUART LEBENBOM, ESQ.                    *
2701 Troy Center Drive, Suite 450
Troy, Michigan 48084,                    *

        Defendants.                      *

*    *    *    *    *    *    *    *    *    *    *    *    *

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

1.      This Complaint challenges Defendants' consumer debt collection methods, which involved repeated violations of the law while collecting and attempting to collect consumer debts from Plaintiffs and the members of the proposed Class defined below.

2.      In particular, Defendant Equable Ascent, LLC ("Equable") is in the business of collecting claims that it purports to own, which were in default when Equable acquired those claims. As a result, it is a "collection agency" under the Maryland Collection Agency Licensing Act, Md. Code Ann., Bus. Reg. §§ 7-101 *et seq* ("MCALA"); *see also id.* at §7-101(d)(1)(ii).

3.      But Equable is not licensed as a collection agency in Maryland.

4.      Accordingly, Equable is not permitted to act as a collection agency, and may not directly or indirectly engage in collection activity in Maryland.

5.      Nevertheless, Equable collected, and solicited, numerous consumer claims from Plaintiffs, and the members of the Class defined below (the "Class"), without the license required by Maryland law.

2

6.      At all times relevant to this Complaint, Equable knew that it did not have a license, and knew that it was required to obtain a license to conduct its debt collection activities in this state. Indeed, Equable was, at one time, licensed as a collection agency in Maryland, but that license expired in 2014. Despite knowledge that it needed a license, Equable continued to act as a debt collector, and engaged in the business of collecting consumer debts from Plaintiffs and the members of the Class, without a license, and within the three years prior to the filing of this Complaint.

7.      Defendant Stillman Law Office, LLC ("SLO"), its successor Stillman, P.C. ("SPC") (SLO and SPC are, collectively, "Stillman"), and Defendant Stuart Lebenbom, Esq. ("Lebenbom"), facilitated Equable's collection activity in violation of the MCALA, and engaged in acts violating Maryland law on Equable's behalf.

8.      Stillman, a law firm, and Lebenbom, an attorney, represented Equable in collecting consumer debts from Plaintiffs and Class members, while Equable lacked the required collection agency license.

9.      At the time of the collection activity challenged in this Complaint, Equable, Stillman, and Lebenbom knew that Equable was not licensed as a collection agency under MCALA.

10.     Nevertheless, the collection methods of Equable, Stillman and Lebenbom perpetrated against Plaintiffs and the Class included collecting money from Plaintiffs and Class members for Equable on consumer claims, even though Equable was not licensed to act as a collection agency and was not permitted to collect money from

Plaintiffs or other Class members. The Defendants' unlawful collection methods claimed, attempted and threatened to enforce a right which Equable, Stillman, and Lebenbom knew did not exist. Equable, Stillman, and Lebenbom each attempted and threatened to enforce the purported right of Equable to engage in the business of a collection agency, and to collect money from Plaintiffs and Class members on consumer claims, when Equable was not licensed as a collection agency and had no right to collect from Plaintiffs or the Class without a license.

11.     Equable, Stillman, and Lebenbom had no right to collect or to attempt to collect debts allegedly owed by Plaintiffs and the Class to Equable while Equable lacked the license required to act as a collection agency in Maryland. Equable's, Stillman's, and Lebenbom's activities in Maryland, in which they attempted to collect and collected money from Plaintiffs and the Class, for Equable, are and were illegal.

12.     For example, Equable's, Stillman's and Lebenbom's actions alleged in this Complaint violated the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law § 14-201 *et seq.* ("MCDCA"), the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §13-101 et seq. ("CPA"), and give rise to claims for declaratory judgment under the Maryland Declaratory Judgment Act, Md. Code Ann., Cts. & Jud. Pro. § 3-401 *et seq.* ("DJA") and for money had and received, negligence, and unjust enrichment.

13.     In addition, Stillman and Lebenbom's actions alleged in this Complaint violated the federal Fair Debt Collection Practices Act, 15 U.S.C.A. §1692 *et seq.* ("FDCPA").

14.     Defendants' unlawful actions have caused Plaintiffs damages. Among other things, Defendants have collected money from Plaintiffs which Defendants had and have no right to collect. In addition, Defendants' unlawful collection activities have caused Plaintiffs mental anguish and emotional distress.

15.     Congress enacted the FDCPA, and the Maryland Legislature enacted the MCDCA, to remedy the widespread use of abusive, deceptive, and unfair debt collection practices by debt collectors, practices which have caused unnecessary personal bankruptcies, marital instability, loss of employment, and invasions of privacy.

16.     Enforcement of the FDCPA and MCDCA is necessary to protect the rights of consumer debtors, and to ensure that debt collectors who comply with the FDCPA and MCDCA, and who do not use abusive debt collection practices, are not placed at a competitive disadvantage.

17.     Accordingly, Plaintiffs bring claims on behalf of a Class that consists of:

> All Maryland consumers from whom Equable – or Stillman and/or Lebenbom on Equable's behalf or purported behalf – collected or sought to collect money, within three years prior to the filing of this Complaint.

18.     Plaintiffs also bring claims on behalf of a Subclass, which consists of:

> All Class members from whom Stillman and/or Lebenbom, on Equable's behalf or purported behalf, collected or sought to collect money, within one year prior to the filing of this Complaint.

19.     Excluded from the Class and Subclass are all employees, officers and directors of Defendants and any parent or subsidiary companies and predecessors

and successors of Defendants, and all employees of the Court.

<u>Parties</u>

20.     Plaintiffs are each natural persons who are residents and citizens of the State of Maryland.

21.     Equable is or was a Delaware limited liability company with its principal place of business in Illinois.

22.     SLO is or was a Maryland limited liability company law firm with its principal place of business in Maryland.

23.     SPC is a Michigan corporation law firm with its principal place of business in Michigan. SPC acquired the assets of SLO. Nevertheless, SPC is liable for the debts of SLO. SPC expressly or impliedly assumed the liability of SLO, the acquisition of SLO's assets by SPC amounted to a consolidation or merger, SPC is a mere continuation of SLO, or the transaction was entered into fraudulently to escape liability for debts. For example, SPC and its employees and agents continue to do business in Maryland under SLO's name. Both SPC and SLO have collected money from each Plaintiff, at the same address for both SPC and SLO, and both SPC and SLO have collected that money under the same trade name, "Stillman Law Office" – a trade name which has been registered to both SPC and SLO over the period of time that SPC and SLO have engaged in the activity challenged in this Complaint. "Stillman Law Office" is a trade name which was originally registered to SLO. After SLO cancelled its registration of the "Stillman Law Office" trade name in May 2021, SPC then, within that same month, registered the same trade name as its own. The

same person – Michael Stillman – is or was a member of SLO, signed the articles of cancellation of SLO, signed the cancellation of SLO's registration of the trade-name "Stillman Law Office," is an owner and/or officer and President of SPC, signed the qualification of SPC to do business in Maryland, and also signed the registration of SPC's registration of the trade name "Stillman Law Office." SPC exercised rights of SLO. For example, money was collected from each Plaintiff under a writ of garnishment which was requested by the "Stillman Law Office" when that trade name was registered to SLO, and then SPC collected money under the same writ of garnishment, acting as the "Stillman Law Office," when that name was owned by SPC. SPC maintained similar management and ownership as SLO, but SPC and SLO are essentially the same corporate entity. Lebenbom was an instrumental employee of both SLO and SPC, is an attorney of record in each of Equable's lawsuits against Plaintiffs, and has acted in those cases on behalf of both SLO and SPC. Lebenbom is or was also a member of SLO, and is an owner of SPC.

24.    Lebenbom is a natural person who is an attorney licensed in Maryland.

## Jurisdiction and Venue

25.    This Court has subject-matter jurisdiction over this case pursuant to Md. Cts. & Jud. Proc. Code Ann. §§ 1-501 and 4-402(e)(2).

26.    This Court has personal jurisdiction pursuant to Md. Cts. & Jud. Proc. Code Ann. §§ 6-102 and 6-103(b), as each of the Defendants transact business and perform work and service in the State of Maryland, contract to supply services in the State of Maryland, and regularly do and solicit business and engages in other persistent

courses of conduct in the State of Maryland, including the business described in this Complaint. For example, Equable, Stillman, and Lebenbom each collect and seek to collect debts through the Courts of Maryland, including courts located in Montgomery County, Maryland.

27.     Venue is proper in this Court under Md. Cts. & Jud. Proc. Code Ann. §§ 4-402 and 6-201, as the Plaintiffs seek a declaratory judgment, and as this case is a proposed class action and the aggregated amount in controversy in this case exceeds $5,000.00; additionally, the amount in controversy exceeds $15,000.00 and Plaintiffs demand a jury trial; and, because Defendants carry on a regular business and habitually engage in vocation in Montgomery County, Maryland. Among other things, Equable, Stillman, and Lebenbom each currently seek to collect debts through the Courts of Maryland, including courts located in Montgomery County, Maryland.

<u>Facts</u>

28.     Equable is not licensed as a collection agency in the State of Maryland, and has not been licensed as a collection agency in the State of Maryland at any time during the past three years.

29.     Equable obtained a Maryland collection agency license on May 20, 2010. That collection agency license expired on May 20, 2014.

30.     Yet, at all times relevant to this complaint, Equable engaged in the business of a collection agency in Maryland – that is, Equable engaged, directly or indirectly, in the business of collecting consumer claims it owned, or collecting for or soliciting from another, consumer claims.

31.     Equable's activity in Maryland as an unlicensed collection agency is unlawful.

32.     For example, Equable unlawfully sought to collect consumer claims from Plaintiffs and all Class members within three years prior to the filing of this Complaint, when Equable was not licensed in Maryland as a collection agency.

33.     The debt Equable sought to collect from Plaintiff Edge was a consumer claim, as it was for money owed or said to be owed by Plaintiff Edge, a resident of Maryland, and arose from a transaction in which, for a family, household, or personal purpose, Mr. Edge sought or got credit, money, personal property, real property, or services – namely, the transactions at issue involved the use of a personal credit card for personal, family, and household purposes.

34. Equable obtained a judgment against Plaintiff Edge in 2013 for this consumer claim. However, since that time, and within the last three years (indeed, within the last year), Equable has undertaken unlawful methods to collect on this consumer claim. In particular, Equable, through Stillman and Lebenbom, obtained a writ of garnishment in January, 2021, seeking to collect money from Plaintiff Edge in payment of this consumer claim.

35. Equable, Stillman, and Lebenbom have, in fact, collected money – more than $4,000.00 – from Plaintiff Edge within the last year, for Equable's consumer claim against Plaintiff Edge, while Equable was not licensed as a collection agency.

36. Equable, SLO and Lebenbom collected money from Plaintiff Edge between January and May, 2021, on account of his purported debt to Equable.

Thereafter, Equable, SPC and Lebenbom collected money from Plaintiff Edge on account of the same purported debt. All of the Defendants' collection of money from Plaintiff Edge which is challenged in this Complaint occurred while Equable was not licensed as a collection agency.

37. The debt Equable sought to collect from Plaintiff Dietrich was similarly a consumer claim, as it was for money owed or said to be owed by Plaintiff Dietrich, a resident of Maryland, and arose from a transaction in which, for a family, household, or personal purpose, the resident sought or got credit, money, personal property, real property, or services – namely, the transactions at issue involved the use of a personal credit card for personal, family, and household purposes.

38. Equable obtained a judgment against Plaintiff Dietrich in 2012 for this consumer claim. However, since that time, and within the last three years (indeed, within the last year), Equable has undertaken unlawful methods to collect this consumer claim. In particular, Equable, through Stillman and Lebenbom, obtained a writ of garnishment in January, 2021, seeking to collect money from Plaintiff Dietrich in payment of this consumer claim.

39. Equable, Stillman, and Lebenbom have, in fact, collected money – more than $1,000.00 – from Plaintiff Dietrich within the last year, for Equable's consumer claim against Plaintiff Dietrich, while Equable was not licensed as a collection agency.

40. Equable, SLO and Lebenbom collected money from Plaintiff Dietrich between January and May, 2021, on account of his purported debt to Equable.

Thereafter, Equable, SPC and Lebenbom collected money from Plaintiff Dietrich on account of the same purported debt. All of the Defendants' collection of money from Plaintiff Dietrich which is challenged in this Complaint occurred while Equable was not licensed as a collection agency.

41. Defendants' collection activities concerning Plaintiffs and the Class involve consumer claims under MCALA §7-101(f), as the Defendants, through their collection methods including requesting and issuing and serving writs of garnishment to collect money for Equable, sought payment of money owed or said to be owed by a resident of the State, which alleged debts arose from transactions in which, for family, household, or personal purposes, the resident sought or got credit, money, personal property, real property, or services. In particular, the debts collected by Defendants from Plaintiffs and Class members concerned alleged debts which arose from consumer credit services.

42. Equable's business in Maryland, including its activities in its dealings with Plaintiff and Class members, is the business of collecting consumer claims which were in default when Equable acquired them. *See* MCALA §7-101(d).

43. In particular, Equable is a consumer debt purchaser. Each of the debts of Plaintiffs and Class members was a debt on a credit account or accounts which was or were in default when Equable purchased the debts. These debts of Plaintiffs and Class members constitute consumer claims. Equable collected these consumer claims from Plaintiffs and Class members through methods which included demanding, issuing and serving writs of garnishment, and utilizing those demands, threats, and

writs of garnishment to effect the collection of money on the accounts of Plaintiffs and Class members.

44. Equable violated the MCALA by engaging in collection activity in Maryland without the required license. Equable attempted to collect, and collected from Plaintiffs and Class members, claims for money owed by Maryland residents which arose from transactions where the resident the sought or got credit, money, personal property, real property, or services. Equable owned those claims, which it acquired after they were in default. Equable knowingly and willfully collected and solicited payments on these consumer claims when it was not licensed as a collection agency in Maryland.

45.    Equable, Stillman and Lebenbom acted in concert with and confederated with each other in the actions alleged in this Complaint, engaged in a conspiracy with each other, and aided and abetted each other's unlawful activity. Equable affirmatively and voluntarily undertook to collect from Plaintiff and members of the Class without a collection agency license in an agreement and understanding with Stillman and Lebenbom.

46.    Equable, Stillman, and Lebenbom had a common design. In particular, Equable hired and contracted with Stillman and Lebenbom to collect consumer claims from Plaintiffs and Class members. However, Equable, Stillman and Lebenbom had a duty to not seek to collect Equable's claims from Plaintiff and Class members when Equable did not have the license to act as a collection agency. Defendants' unlawful and unlicensed actions caused damages to Plaintiffs and Class

members, including the charges unlawfully collected from them as a result of Defendants' activities, and damages for mental anguish and emotional distress.

47.     Unless and until this Court grants the relief Plaintiffs seek through this action, Defendants will continue their illegal activity, and will retain the proceeds of their unlawful activities, to the detriment of Plaintiff and the Class.

### Class Action Allegations

48.     Plaintiffs bring claims on behalf of a Class that consists of:

> All Maryland consumers from whom Equable – or Stillman and/or Lebenbom on Equable's behalf or purported behalf – collected or sought to collect money, within three years prior to the filing of this Complaint.

49.     Plaintiffs also bring claims on behalf of a Subclass, which consists of:

> All Class members from whom Stillman and/or Lebenbom, on Equable's behalf or purported behalf, collected or sought to collect money, within one year prior to the filing of this Complaint.

50.     Excluded from the Class and Subclass are all employees, officers and directors of Defendants and any parent or subsidiary companies and predecessors and successors of Defendants, and all employees of the Court.

51.     The Class and Subclass, as defined above, are identifiable.  The proposed Class Representatives are members of the Class and Subclass.

52.     The Class and Subclass are so numerous that joinder of all members is impracticable. The proposed Class and Subclass each consist of more than 40 persons.

53.     There are questions of law and fact which are not only common to the Class and Subclass, but which predominate over any questions affecting only individual

Class and Subclass members. The common and predominating questions for the Class and Subclass include, but are not limited to:

(a) Whether Equable acted as a collection agency in its dealings with Plaintiffs and members of the Class and Subclass;

(b) Whether Equable had the license necessary to act as a collection agency at the time it collected and sought to collect from Plaintiffs and the members of the Class and Subclass;

(c) Whether Equable's collection activities involving Plaintiffs and Class and Subclass members violated the MCALA;

(d) Whether Plaintiffs and Class and Subclass members are entitled to a declaratory judgment that Equable must be licensed as a collection agency under MCALA in connection with its collection activities directed at them;

(e) Whether Equable, Stillman and Lebenbom violated the MCDCA by collecting and seeking to collect on Equable accounts from Plaintiffs and Class and Subclass members when Equable was not licensed as a collection agency in Maryland;

(f) Whether the actions of Equable, Stillman, and Lebenbom in their dealings with the Plaintiffs and Class and Subclass members violated the CPA;

(g) Whether the actions of Equable, Stillman and Lebenbom in their dealings with the Plaintiffs and Class and Subclass members entitle Plaintiffs and the Class and Subclass to restitution;

(h) Whether Equable, Stillman and Lebenbom must restore amounts collected by them from Plaintiffs and Class and Subclass members on Equable accounts while Equable was not licensed as a collection agency in Maryland;

(i) Whether Stillman and Lebenbom violated the FDCPA by collecting and seeking to collect on Equable accounts from Plaintiff and Subclass members when Equable was not licensed as a collection agency in Maryland;

(j) Whether Stillman and Lebenbom are liable to Plaintiffs and Subclass members for statutory damages under the FDCPA;

(k) Whether Stillman and Lebenbom are liable to Plaintiffs and Subclass members for actual damages under the FDCPA; and,

(l) Whether Plaintiffs and Class and Subclass members suffered mental anguish and emotional distress.

54.    The claims of the Plaintiffs are typical of the claims of the respective members of the Class and Subclass within the meaning of Md. Rule 2-231(b)(3), and are based on and arise out of similar facts constituting the wrongful conduct of Defendants.

55.    Plaintiffs will fairly and adequately protect the interests of the Class and Subclass within the meaning of Md. Rule 2-231(b)(4). Plaintiffs are committed to vigorously litigating this matter.   Further, Plaintiffs have secured counsel experienced in handling consumer class actions and complex consumer litigation.

56.    Neither Plaintiffs nor their counsel have any interests which might cause them not to vigorously pursue this action.

57.     The prosecution of separate actions by individual members of the Class and Subclass would create a risk of establishing incompatible standards of conduct for Defendants within the meaning of Md. Rule 2-231(c)(1)(A).

58.     Defendants' actions are generally applicable to the Class and Subclass as a whole, and Plaintiffs seek declaratory relief with respect to the Class and Subclass as a whole within the meaning of Md. Rule 2-231(c)(2).

59.     Common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class and Subclass and a class action is the superior method for fair and efficient adjudication of the controversy within the meaning of Md. Rule 2-231(c)(3).

60.     The likelihood that individual members of the Class and Subclass will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation, and due to the relatively small amounts of individual damages for Class and Subclass members.

61.     Plaintiffs' counsel are experienced in class actions, and foresee little difficulty in the management of this case as a class action.

<u>Claims for Relief</u>

Count I

**Declaratory Judgment**

*(against all Defendants)*

62. Plaintiffs re-allege and incorporates by reference the allegations set forth above as if fully set forth herein.

63. This claim for declaratory relief is brought under the DJA § 3-406, to settle and obtain relief from uncertainty and insecurity with respect to the rights, status and legal relations regarding Plaintiffs and members of the Class, Subclass, and Defendants, and under MCALA, Md. Code Ann., Bus. Reg. § 7-101 *et seq.*

64. Defendants take the position that they were entitled to collect and seek to collect from Plaintiffs and members of the Class and Subclass on Equable accounts even though Equable was not licensed as a collection agency under MCALA.

65. Plaintiffs take the position that Equable was required to be licensed as a collection agency under Md. Code Ann., Bus. Reg. §§ 7-101 at the time Equable, Stillman, and/or Lebenbom engaged in the activity alleged in this Complaint.

66. Equable, Stillman and Lebenbom take the position that Equable was not required to be licensed as a collection agency under Md. Code Ann., Bus. Reg. §§ 7-101 at the time that they engaged in the activity alleged in this Complaint.

67. Plaintiffs and members of the Class and Subclass have received collection notices from Defendants demanding payment of amounts on Equable accounts, despite the fact that Equable is not licensed as a collection agency in Maryland.

68. This presents an actual, judicable controversy between the parties relating to the actions by Defendants in their dealings with Plaintiffs and members of the Class and Subclass, relating to the application of MCALA to those actions, and relating to the legitimacy of charges assessed as a result of those actions. In particular, Equable has acted as a collection agency with respect to Plaintiffs and

Class and Subclass members, and Stillman and Lebenbom have collected and sought to collect from Plaintiffs and Class and Subclass members on Equable's behalf, all while Equable was not licensed as a collection agency under MCALA. Plaintiffs and members of the Class and Subclass have a right to be free from the unlawful actions in collection and seeking to collect by and on behalf of an unlicensed collection agency.

69. Plaintiffs are entitled to a declaration that Equable cannot seek to collect, or collect, from them or Class or Subclass members without a license under MCALA; and that Stillman and Lebenbom cannot collect, or seek to collect, from Plaintiffs or Class or Subclass members on Equable's behalf, while Equable lacks a license under MCALA.

**Count II**

**Violation of the Maryland Consumer Debt Collection Act**

*(against all Defendants)*

70. Plaintiffs re-allege and incorporate by reference the allegations set forth above as if fully set forth herein.

71. Equable, Stillman, and Lebenbom, at all times relevant to the actions alleged herein, were each a "collector" within the meaning of section 14-201(b) of the MCDCA because the alleged debts of Plaintiffs and the Class and Subclass members which Equable, Stillman and Lebenbom sought to collect from them through the actions described herein arose from Plaintiffs' and Class and Subclass members seeking or acquiring real or personal property, services, money, or credit for personal, family, or household purposes.

72.     Equable, Stillman, and Lebenbom each violated the MCDCA in the actions they perpetrated against Plaintiffs and Class and Subclass members.

73.     Equable's acts, alleged in this Complaint, violated the MCDCA in numerous ways.

74.     For example, Equable:

a.  violated section 14-202(8) of the MCDCA and claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist, when it claimed, attempted, or threatened to enforce a right to engage in the business of a collection agency in Maryland without a license, knowing it did not have a license and that a license was required, and nevertheless sought to collect and collected consumer claims from the Plaintiffs and Class and Subclass members;

b.  violated section 14-202(10) of the MCDCA and engaged in unlicensed debt collection activity in violation of the Maryland Collection Agency Licensing Act when it engaged in the business of a collection agency in Maryland without a license, and solicited and collected consumer claims from Plaintiffs and Class and Subclass members.

75.     Stillman and Lebenbom's acts alleged in this Complaint, violated the MCDCA in numerous ways.

76.     For example, Stillman and Lebenbom:

a. violated section 14-202(8) of the MCDCA and claimed, attempted, or threatened to enforce a right with knowledge that the right does not exist, when they claimed, attempted, or threatened to enforce a right of Equable to collect money from Plaintiffs and the Class and Subclass members, and engage in the business of a collection agency in Maryland without a license, knowing Equable did not have a license and that a license was required, and nevertheless sought to collect and collected consumer claims from the Plaintiffs and Class and Subclass members on Equable's behalf;

b. violated section 14-202(10) of the MCDCA and engaged in unlicensed debt collection activity in violation of the Maryland Collection Agency Licensing Act when they engaged in collection activity on behalf of Equable, an unlicensed collection agency;

c. violated section 14-202(11) of the MCDCA when they falsely represented the character of Plaintiffs' and Class and Subclass members' debts as debts which could be collected by Equable when Equable was not licensed as a collection agency, in violation of § 807 of the FDCPA;

d. violated section 14-202(11) of the MCDCA when they threatened to take action to collect consumer debts from Plaintiffs and Class and Subclass members allegedly owed to Equable and on behalf

of Equable, when Equable was not licensed as a collection agency and could not legally take action to collect those debts under state law, in violation of § 807 of the FDCPA.

## Count III

## Violation of the Maryland Consumer Protection Act

### *(against all Defendants)*

77.     Plaintiffs re-allege and incorporate by reference the allegations set forth above as if fully set forth herein.

78.     The Maryland Consumer Protection Act ("CPA") generally prohibits unfair or deceptive trade practices in, among other things, the collection of consumer debts. *See* Md. Code Ann., Com. Law § 13-303(5).

79.     The actions of Equable, Stillman and Lebenbom alleged herein constituted unfair or deceptive trade practices in the collection of consumer debts from Plaintiffs, Class and Subclass members, as defined by the CPA, and in taking those actions Equable, Stillman and Lebenbom violated the CPA.

80.     Equable's, Stillman's, and Lebenbom's practice of engaging in the collection activity described in this Complaint, and seeking to collect consumer debt from Plaintiffs and Class and Subclass members, when Equable was not licensed or permitted to do so, constituted the failure to state a material fact where the failure deceives or tends to deceive. Defendants' method of collection, engaging in collection activity seeking to collect from Plaintiffs and Class and Subclass members on Equable accounts, when Equable was not licensed as a collection

agency, and when Defendants failed to state that Equable was not licensed as required, and had no authority to collect without a license, constituted the failure to state a material fact where the failure deceives or tends to deceive.

81.     Moreover, the unfair or deceptive trade practices barred by the CPA specifically include the violation of the MCDCA. *See* Md. Code Ann., Com. Law § 13-301(14)(iii). When Defendants violated the MCDCA as described in this Complaint, they also violated the CPA.

82.     Plaintiffs and Class and Subclass members sustained actual damages as a result of the actions in violation of the CPA and MCDCA alleged herein. Plaintiffs and Class and Subclass members were damaged by, among other things, the amounts collected from them in violation of the law, and by the mental anguish and emotional distress they suffered.

**Count IV**

**Money Had and Received**

*(against all Defendants)*

83.     Plaintiffs re-allege and incorporate by reference the allegations set forth above as if fully set forth herein.

84.     Equable acted as a collection agency in its dealings with Plaintiffs and members of the Class and Subclass, while it lacked the license required to act as a collection agency, and Stillman and Lebenbom collected money on Equable's behalf from Plaintiffs and members of the Class and Subclass, while Equable was not licensed as a collection agency.

85.    These actions of Defendants were and are illegal.

86.    Any otherwise existing basis under which Equable, Stillman and Lebenbom would be entitled to any form of payment or compensation of any kind, are nugatory and ineffective as Defendants' collection agency activities in Maryland, by and on behalf of an unlicensed collection agency, were and are in violation of Maryland law.

87.    As a result of Defendants' actions, Defendants collected money from Plaintiffs and Class and Subclass members, to which they had no legal or equitable right.

88.    As a result of the actions alleged above, Defendants obtained possession of money which, in equity and good conscience, they ought not to be allowed to retain and should return to Plaintiffs and other Class and Subclass members.

## Count V

## Negligence

*(against all Defendants)*

89. Plaintiffs re-allege and incorporate by reference the allegations set forth above as if fully set forth herein.

90. Defendants each had a duty to Plaintiffs and members of the Class and Subclass to not collect or seek to collect from them on Equable accounts, while Equable did not have the license to act as a collection agency required under Maryland law.

91. The MCALA statute imposed a duty on Defendants to not collect or seek to collect from Plaintiffs or members of the Class and Subclass on Equable accounts

while Equable did not have the license to act as a collection agency under MCALA.

92. The MCALA statute was enacted to protect Plaintiffs and the members of the Class and Subclass; protections which the Defendants undermined through their illegal actions in seeking to collect on Equable accounts while Equable did not hold the license required under MCALA.

93. Defendants each breached duties of care to Plaintiffs and members of the Class and Subclass when collecting and seeking to collect amounts from Plaintiffs and members of the Class and Subclass, on Equable accounts, while Equable was not licensed as a collection agency under MCALA.

94. Plaintiffs and members of the Class and Subclass have suffered actual losses and damages as the result of the conduct of Defendants in breach of their duties. Among other things, Plaintiffs and members of the Class and Subclass have been assessed and forced to pay money which Defendants were legally precluded from collecting from them. In addition, Plaintiffs and Class and Subclass members have suffered mental anguish and emotional distress. These damages, losses and injuries were proximately caused by the Defendants' breaches of duty, as Plaintiffs and Class and Subclass members would not have paid the money Defendants collected from them on Equable accounts absent Defendants' breaches of duty.

## Count VI

### Unjust Enrichment

*(against all Defendants)*

95. Plaintiffs re-allege and incorporate by reference the allegations set forth above

24

as if fully set forth herein.

96. Plaintiffs and members of the Class and Subclass conferred a benefit upon each of the Defendants by paying amounts which the Defendants collected from them on Equable accounts, while Equable was not licensed as a collection agency under MCALA.

97. Each of the Defendants knew of the benefits conferred upon them by Plaintiffs and the members of the Class and Subclass. Defendants affirmatively demanded that Plaintiffs and members of the Class and Subclass pay amounts to them on Equable accounts, while Equable was not licensed as a collection agency under MCALA.

98. It would be inequitable for Defendants to retain the amounts that they have received in connection with the collection activity directed to Plaintiffs and Class and Subclass members while Equable was unlicensed under MCALA, as those amounts were paid to Defendants as a result of their unlawful activity described in this Complaint, and could not legally be collected by Defendants.

## Count VII

## Violation of the Fair Debt Collection Practices Act

### *(against Defendants SPC, SLO and Lebenbom only)*

99. Plaintiffs re-allege and incorporate by reference the allegations set forth above as if fully set forth herein.

100. Stillman and Lebenbom, at all times relevant to the actions alleged herein, were "debt collectors" within the meaning of section 15 U.S.C.A. §1692a(6) of the FDCPA because Stillman and Lebenbom used instrumentalities of

interstate commerce and the mails in their business, the principal purpose of which is the collection of any debts, and Stillman and Lebenbom regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

101.    In collecting and attempting to collect from Plaintiffs and members of the Subclass, Stillman and Lebenbom violated the FDCPA.

102.    For example, Stillman and Lebenbom:

    a.  falsely represented the character of Plaintiffs' and Subclass members' debts as debts which could be collected by Equable when Equable was not licensed as a collection agency, in violation of § 807 of the FDCPA;

    b.  threatened to take action to collect consumer debts from Plaintiffs and Subclass members allegedly owed to Equable and on behalf of Equable, when Equable was not licensed as a collection agency and could not legally take action to collect those debts under state law, in violation of § 807 of the FDCPA.

103.    The foregoing acts and omissions of Stillman and Lebenbom constitute numerous and multiple and continuing violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiffs and Subclass members.

104.    As a result of Stillman and Lebenbom's violations of the FDCPA, the named Plaintiffs are each entitled to actual damages pursuant to 15 U.S.C. §

1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Stillman and Lebenbom. In addition, Stillman and Lebenbom are liable for such amount as the court may allow for all other Subclass members, pursuant to 15 U.S.C.A. § 1692k(a)(2)(B).

WHEREFORE, Plaintiffs demand:

A.   a declaratory judgment under Md. Cts. & Jud. Pro. § 3-406 that Equable cannot seek to collect, or collect, from Plaintiffs or Class members without a license under MCALA; and that Stillman and Lebenbom cannot collect, or seek to collect, from Plaintiffs or Class members on Equable's behalf, while Equable lacks a license under MCALA;

B.   recovery from all Defendants in an aggregated sum in excess of $75,000.00 for the proposed Class and Subclass as a whole of 1) all amounts paid by Class and Subclass members in connection with the collection activities of Defendants alleged in this Complaint; 2) disgorgement and restitution of all benefits received by Defendants in connection with the activities alleged in this Complaint; 3) compensatory damages, including damages for mental anguish and emotional distress; and, 4) reasonable attorney's fees and the costs of this action;

C.   recovery from from Stillman and Lebenbom in an aggregated sum in excess of $75,000.00 for the proposed Class and Subclass as a whole of:

1) actual damages pursuant to 15 U.S.C. § 1692k(a)(1) for each Plaintiff and Subclass member; 2) statutory damages for each named Plaintiff in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); 3) such amount as the court may allow for all other Subclass members, pursuant to 15 U.S.C.A. § 1692k(a)(2)(B); and, 4) reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3); and,

D.     such other and further relief as the nature of this case may require.

Respectfully submitted,

Benjamin H. Carney
bcarney@GWCfirm.com
Richard S. Gordon
rgordon@GWCfirm.com
Sara Assaid
sassaid@GWCfirm.com
GORDON, WOLF & CARNEY, CHTD.
100 West Pennsylvania Ave., Suite 100
Towson, Maryland 21204
Phone: 410-825-2300
Fax: 410-825-0066

**Attorneys for Plaintiffs and the Class**

28

## JURY TRIAL

Plaintiffs demand trial by jury on all counts.

Benjamin H. Carney



**GWC**
GORDON, WOLF & CAREY
CHTD

100 West Pennsylvania Avenue • Suite 100
Towson, Maryland 21204

Serve on: INCORP SERVICES, INC.
1519 York Road
Lutherville, MD 21093

**First Class Mail**

I SOP by Process
Server

10/4/21
9:21am