IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | |
|---|---|
| DAVID EDGE, SR., *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> STILLMAN LAW OFFICE, LLC, *et al.* <br><br> Defendants. | Case No. 8:21-cv-02813-TDC <br><br> Hon. Theodore D. Chuang |

**FINAL ORDER APPROVING SETTLEMENT AND
CERTIFYING SETTLEMENT CLASS**

Upon review and consideration of the Settlement Agreement (ECF No. 71-1) (the "Settlement Agreement") by and between the Plaintiffs, David Edge, Sr. and Robert Dietrich (acting individually and on behalf of the Settlement Class defined below) and Stillman Law Office, LLC ("SLO"), Stillman, P.C. ("SPC"), Stuart Lebenbom, Esq. (collectively, the "Attorney Defendants"), Cavalry Portfolio Services, LLC, and Cavalry SPV I, LLC (collectively, "Cavalry") (the Attorney Defendants and Cavalry are, collectively, the "Settling Defendants"), and after review of the memoranda and arguments of counsel,

IT IS HEREBY ORDERED and adjudged as follows:

1. This Court certified the following Class (the "Settlement Class") in this case for settlement purposes only by Order entered March 1, 2023:

> All persons within the United States from whom CPS or SPV, while being represented by an attorney from the SLO or SPC law firms, collected money through garnishment, in a case in which the judgment creditor of record was EAF and neither CPS nor SPV was a judgment creditor of record.

ECF No. 73 ("Preliminary Approval Order") ¶ 3. Excluded from the Settlement Class are all employees, officers and directors of the Settling Defendants, any parent or subsidiary companies and predecessors and successors of the Settling Defendants, and all employees of the Court. *Id.* ¶ 4.

2. Pursuant to Fed. R. Civ. P. 23, and as discussed below, the Court approves the settlement of this action, as embodied in the terms of the Settlement Agreement, and finds that the Settlement is, in all respects, fair, reasonable, and adequate and in the best interest of the Settlement Class members in light of the factual, legal, practical and procedural considerations raised by this case. The Settlement Agreement is the product of good faith arms-length negotiations by the Parties, each of whom was represented by experienced counsel. The relief provided for the Class in the Settlement is adequate and the proposal treats Class members equally relative to each other. The Settlement Agreement is incorporated by reference into this Order (with capitalized terms as set forth in the Settlement Agreement), is hereby adopted as an Order of this Court, and becomes part of the final judgment in this action. In the event of a conflict between the text of this Order and the text of the Settlement Agreement, the text of the Settlement Agreement shall prevail.

3. For the purpose of settlement, as addressed further below, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3), the Court hereby finally certifies the Settlement Class.

4. The Court finds that the notices disseminated pursuant to the Preliminary Approval Order to the 355 persons on the Class List, which was compiled and provided to the Settlement Administrator by the Attorney Defendants pursuant to the Settlement Agreement and Preliminary Approval Order, were in compliance with the Preliminary Approval Order and constituted the best notice practicable under the circumstances and satisfy the requirements of due process and Fed. R. Civ. P. 23. The Court further finds that all persons identified on the Class List who have not opted out fall within the Class definition above.

5. The Court finds that __0__ persons have elected to opt-out of the Settlement Class. A list of any persons who have opted out of the Settlement Class is attached to this Order. Any and all persons who opted out are not Settlement Class members.

6. The Court finds that pursuant to the Settlement Agreement ¶ 11(f), and the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, Settling Defendants served notices of the settlement on state and federal regulatory authorities on January 17, 2023.

7. The Court appoints David Edge, Sr. and Robert Dietrich as the Class Representatives of the Settlement Class, and finds that each of them meets the adequacy requirements of FED. R. CIV. P. 23(a)(4).

8. The Court appoints the following lawyers as Class Counsel for the Settlement Class, and finds that these counsel meet the adequacy requirements of FED. R. CIV. P. 23(a)(4):

Benjamin H. Carney
Richard S. Gordon
GORDON, WOLF & CARNEY, CHTD.
100 West Pennsylvania Avenue, Suite 100
Baltimore, Maryland 21204

Benjamin H. Carney is hereby appointed as Lead Counsel for the Class.

9. The Court further finds that all the requirements for class certification are met in this case.

    (a) **The Class Certification Requirements of Fed. R. Civ. P. 23(a)**

Pursuant to the Agreement, and for settlement purposes only, the Court finds that the class certification requirements of Fed. R. Civ. P. 23(a) are met.

        i. **Ascertainability, and Fed. R. Civ. P. 23(a)(1) (Numerosity).** As the Attorney Defendants have represented in the Agreement that approximately 355 persons are Settlement Class Members, and as the Attorney Defendants have

provided a Class List identifying these Settlement Class Members, the Settlement Class is ascertainable and so numerous that joinder of all members is impracticable;

  ii. **Fed. R. Civ. P. 23(a)(2)(Commonality).** There are questions of law or fact common to the Settlement Class, including the legality of the Attorney Defendants' alleged actions in garnishing amounts from Settlement Class Members on judgments when Equable Ascent Financial, LLC was the judgment creditor of record, but in fact the judgments had been assigned to Cavalry SPV I, LLC, and the Attorney Defendants had not filed an assignment of the judgment;

  iii. **Fed. R. Civ. P. 23(a)(3) (Typicality).** The claims of the Representative Plaintiffs are typical of the claims of the Settlement Class that Representative Plaintiffs seek to certify, as Representative Plaintiffs' claims center on the same facts and legal theories which are central to Settlement Class Members' claims; and

  iv. **Fed. R. Civ. P. 23(a)(4) (Adequacy).** Representative Plaintiffs and their counsel will protect the interests of the Settlement Class fairly and adequately, as no conflict of interest between the Representative Plaintiffs and the Settlement Class has been shown, and they have retained counsel experienced in class action litigation.

 (b) **The Class Certification Requirements of Fed. R. Civ. P. 23(b)(3)**

Pursuant to the Agreement, and for settlement purposes only, the Court finds that the prerequisites of Fed. R. Civ. P. 23(b)(3) are met, as:

  i. The questions of law or fact common to Settlement Class Members, and which are relevant for Settlement purposes, predominate over the questions

affecting only individual Settlement Class Members, because the lawsuit and Agreement concern, for all Settlement Class Members, the legality of the Attorney Defendants' alleged actions in garnishing amounts from Settlement Class Members on judgments when Equable Ascent Financial, LLC was the judgment creditor of record, but in fact the judgments had been assigned to Cavalry SPV I, LLC, and the Attorney Defendants had not filed an assignment of the judgment; and,

    ii.    Certification of the Settlement Class is superior to other available methods for the fair and efficient adjudication of this controversy, because in the absence of class certification, Settlement Class Members would as a practical matter be foreclosed from seeking relief for the relatively small individual claims alleged in this lawsuit.

10.    The Court has considered (A) the interest of members of the class in individually controlling the prosecution of separate actions, (B) the extent and nature of any litigation concerning the controversy already commenced by members of the class, (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum, and (D) the difficulties likely to be encountered in the management of a class action. In particular, the Court finds that individual class members do not have an interest in individually controlling the prosecution of separate actions which weighs against class certification, as such individual actions would be impractical; there is no other known litigation concerning this controversy already commenced by members of the class; and the settlement-only nature of this class certification neutralizes any concerns about litigation in a particular forum, and the manageability of a contested class action.

    (a)    The Fed. R. Civ. P. 23(e) Requirements

The Court finds that the Settlement is fair, reasonable, and adequate considering the factors

listed in Fed. R. Civ. P. 23(e)(2).

      i.    **Fed. R. Civ. P. 23(e)(2)(A)(adequate representation)**: The Court finds that both Class Representatives and Class Counsel adequately represented the Settlement Class in this case. Class Counsel vigorously litigated the case and arrived at the proposed Settlement only after extensive research into the applicable law and factual issues and intensive mediation and information exchange facilitated by the Honorable Alexander Williams, Jr. Class Representatives actively cooperated with Class Counsel and saw this case through to settlement. Thus, the Court finds that the requirement of adequate representation under Fed. R. Civ. P. 23(e)(2)(A) is satisfied.

      ii.    **Fed. R. Civ. P. 23(e)(2)(B)(arms-length negotiation)**: The Court finds that the Parties participated in intensive mediation and negotiations supervised by Judge Williams, including three mediation sessions and negotiations involving mutual give and take and competing demands and responses over the course of seven (7) months. Thus, the Court finds that the requirement of arms-length negotiation under Fed. R. Civ. P. 23(e)(2)(B) is satisfied.

      iii.    **Fed. R. Civ. P. 23(e)(2)(C)(adequate relief)**: This Court finds that the relief provided to the Class is adequate considering: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3). This Court finds that had this case proceeded to trial Plaintiffs would have faced risk, incurred extensive costs and experienced significant delay in recovery. This Court finds that the distribution

and claims process is highly effective as Settlement Class members are not required to submit claim forms and settlement checks will be mailed automatically. This Court also finds that the attorney's fee award of one-third (1/3) of the Common Fund is reasonable considering Class Counsel's work and the significant benefit obtained for the Settlement Class under the Settlement Agreement. This Court finds that there were no Rule 23(e)(3) agreements in this case. Thus, the Court finds that the requirement of adequate relief under Fed. R. Civ. P. 23(e)(2)(C) is satisfied.

    iv.    **Fed. R. Civ. P. 23(e)(2)(D)(Class members treated equally):** This Court finds that the Settlement Agreement treats class members equitably relative to each other. All Settlement Class members will receive a payment based upon the amounts collected from them which this lawsuit challenges. Thus, the Court finds that the requirement of equal treatment under Fed. R. Civ. P. 23(e)(2)(D) is satisfied.

11.    After due consideration of the state of proceedings and the posture of the case at the time settlement was proposed; the circumstances surrounding settlement negotiations; the experience of counsel; the relative strength of Class Representatives' case on the merits; the existence of difficulties of proof and defenses Class Representatives would be likely to encounter if the case went to trial; the anticipated duration and expense of additional litigation; the solvency of the Settling Defendants and the likelihood of recovery on a litigated judgment; the lack of opposition to the settlement; the absence of any opt-outs from this settlement by Settlement Class members; the lack of any objections to this settlement; all written submissions; affidavits and arguments of counsel; and after notice and a hearing, this Court finds that the settlement is fair, adequate, and reasonable. Accordingly, the Settlement Agreement should be and is approved and shall govern all issues regarding the settlement and all rights of the Parties to this settlement, including Settlement Class

members. Each Settlement Class member shall be bound by the Agreement, including the releases in the Settlement Agreement.

12. The Parties are hereby ORDERED promptly to carry out their respective obligations under the Settlement Agreement and Strategic Claims Services is hereby DIRECTED to make payments to those Settlement Class members entitled to monetary payments under the Settlement Agreement consistent with the terms of the Settlement Agreement.

13. The Petition for Award of Attorney's Fees and Costs to Class Counsel is GRANTED. Strategic Claims Services shall transfer from the Settlement Fund to the Trust Account of Gordon, Wolf & Carney, Chtd. attorney's fees in an amount equal to one-third (1/3) of the Common Fund.

14. The Petition for Incentive Awards is GRANTED. In accordance with the Agreement, within seven (7) calendar days after the Effective Date, as defined in the Settlement Agreement, counsel for the Attorney Defendants shall transfer $10,000 for each Class Representative (a total of $20,000) to the Escrow Account of Gordon, Wolf & Carney Chtd. to be distributed to Class Representatives pursuant to ¶ 20 of the Settlement Agreement.

15. The Court hereby approves the protocol for distributing the *cy pres* funds provided for in ¶ 19 of the Settlement Agreement as fair, reasonable, and warranted under the circumstances. Any *cy pres* funds in this case shall be distributed to the University of Maryland Francis King Carey School of Law.

16. All Released Claims of each Settlement Class member (as those terms are defined in the Settlement Agreement) are hereby dismissed with prejudice.

17. Each and every Settlement Class member is permanently enjoined from bringing, joining, assisting in, or continuing to prosecute against any of the Released Persons for any of the Released Claims.

18. This Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of the Settlement Agreement. The Court further retains jurisdiction to enforce this Order entered this day.

BY ORDER OF THE COURT.

Dated: __June 2__, 2023.

_____
Hon. Theodore D. Chuang
Judge, U.S. District Court for the District of Maryland